# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KIM A. WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV01828 FRB |
| ) | |
| SUDDENLINK COMMUNICATIONS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Kim Webb for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.[1] Upon consideration of the financial information provided by plaintiff, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]Plaintiff has not submitted a proper motion to proceed in forma pauperis. However, for the purposes of this case, the Court will construe plaintiff's financial affidavit as a motion to proceed in forma pauperis.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, 1692a-1692o. Defendant is SuddenLink Communications. Plaintiff alleges that defendant charged plaintiff for services rendered at an address in Alexandria, Virginia, that plaintiff never occupied. Plaintiff says he called defendant and told them he was not responsible for the services; however, the services continue to show up as

unpaid on plaintiff's credit report. Plaintiff states that his credit has been damaged as a result of the mistake.

**Discussion**

To establish a prima facie case in an action for violation of the Fair Debt Collection Practices Act, the plaintiff must plead and prove that (1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt. E.g., In re Creditrust Corp., 283 B.R. 826, 831 (Bankr. D. Md. 2002). In order to satisfy the first element of proof, that the defendant is a debt collector, the Court looks to 15 U.S.C. § 1692a(6) which, in relevant part, defines a Debt Collector as "[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Pursuant to 15 U.S.C.A. § 1692a(6)(A), a creditor collecting its own debts is not a "debt collector" and is exempt from the requirements under the FDCPA. See Newman v. Boehm, Pearlstein & Bright, Ltd., 119 F.3d 477, 482 n. 3 (7th Cir. 1997) (FDCPA did not apply to the activities of a homeowners or condominium association in collecting a debt on its own behalf); Munk

v. Federal Land Bank of Wichita, 791 F.2d 130, 132 (10th Cir. 1986) (FDCPA did not apply to individuals "not attempting to collect another's debt").

Plaintiff has failed plead sufficient facts to state a prima facie case under the FDCPA. The allegations show that defendant is attempting to collect on its own behalf. In other words, there are no allegations, and no inferences can be made from the alleged facts, showing that defendant is attempting to collect a debt on behalf of another entity. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's pro se motion for service of process to be effectuated by the U.S. Marshals Service [Doc. #3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 6th day of October, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE